BY THE COURT:
/s/ MICHAEL K. DAVIS
Chief Justice *780 BEFORE THE SUPREME COURT STATE OF WYOMING
In the matter of DAVID JACKSON, Financial Services Manager of Badlands Energy Services, Inc., a Wyoming corporation, Respondent.
REPORT AND RECOMMENDATION FOR APPROVAL OF CONSENT AGREEMENT
THIS MATTER having come before the Unauthorized Practice of Law Committee (the "Committee") upon the motion of Bar Counsel for approval of a Consent Agreement in the above-captioned matter, and the Committee having considered the matter and being fully advised in the premises, finds, concludes and recommends:
1. The investigation in the above-captioned matter was initiated by Bar Counsel following receipt of a report from Michael J. Finn, Senior Assistant Attorney General, Wyoming Attorney General's Office, that Respondent David Jackson, Financial Services Manager of Badlands Energy Services, Inc., a Wyoming corporation ("Badlands"), a company located in Gillette, Campbell County, Wyoming, may have engaged in the unauthorized practice of law by representing Badlands in a legal proceeding in the Sixth Judicial District Court, Campbell County, Wyoming.
2. Rule 7, Rules Governing the Wyoming State Bar and the Authorized Practice of Law, provides in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
*781 (2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
3. Respondent has accepted Bar Counsel's proposal to enter into a consent agreement as provided in Rule 5(f) of the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Rules"), which provides:
(f) If, after conducting an investigation, Bar Counsel believes that the respondent has engaged in the unauthorized practice of law, Bar Counsel may do one or more of the following:
(1) commence civil injunction proceedings as provided in Rule 6;
(2) commence civil contempt proceedings as provided in Rule 8;
(3) enter into a consent agreement with the respondent in which the respondent agrees to do one or more of the following:
(A) refrain from the conduct in question;
(B) refund any fees collected;
(C) make restitution;
(D) pay a fine that may range from one hundred dollars ($100) to two hundred and fifty dollars ($250) per incident of unauthorized practice of law.
4. Respondent concedes that he is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law as reported by Mr. Finn.
5. Pursuant to UPL Rule 5(f)(3), Respondent has agreed that he will refrain from similar conduct in the future.
6. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil
*782 (2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
3. Respondent has accepted Bar Counsel's proposal to enter into a consent agreement as provided in Rule 5(f) of the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Rules"), which provides:
(f) If, after conducting an investigation, Bar Counsel believes that the respondent has engaged in the unauthorized practice of law, Bar Counsel may do one or more of the following:
(1) commence civil injunction proceedings as provided in Rule 6;
(2) commence civil contempt proceedings as provided in Rule 8;
(3) enter into a consent agreement with the respondent in which the respondent agrees to do one or more of the following:
(A) refrain from the conduct in question;
(B) refund any fees collected;
(C) make restitution;
(D) pay a fine that may range from one hundred dollars ($100) to two hundred and fifty dollars ($250) per incident of unauthorized practice of law.
4. Respondent concedes that he is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law as reported by Mr. Finn.
5. Pursuant to UPL Rule 5(f)(3), Respondent has agreed that he will refrain from similar conduct in the future.
6. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil *783 BEFORE THE UNAUTHORIZED PRACTICE OF LAW COMMITTEE
WYOMING STATE BAR
In the matter of DAVID JACKSON, Financial Services Manager of Badlands Energy Services, Inc., a Wyoming corporation, Respondent.
CONSENT AGREEMENT
THIS CONSENT AGREEMENT is entered into by and between Mark W. Gifford, Bar Counsel for the Wyoming State Bar ("Bar Counsel") and David Jackson ("Respondent").
WHEREAS, Respondent is the Financial Services Manager of Badlands Energy Services, Inc., a Wyoming corporation ("Badlands"), a company located in Gillette, Campbell County, Wyoming; and
WHEREAS, by email dated August 24, 2018, Bar Counsel received a report from Michael J. Finn, Senior Assistant Attorney General, Wyoming Attorney General's Office, that Respondent may have engaged in the unauthorized practice of law by representing Badlands in a legal proceeding in the Sixth Judicial District Court, Campbell County, Wyoming (see Exhibit A hereto); and
WHEREAS, the Wyoming Supreme Court's Rules Governing the Wyoming State Bar and the Authorized Practice of Law provide, in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
(2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
*784 (3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
and
WHEREAS, Respondent initially contended that his representation of Badlands is authorized by Rule 101(b) of the Uniform Rules for District Courts of the State of Wyoming, he now concedes that said rule provides that Badlands, a corporation, may appear only through an attorney licensed to practice law in Wyoming; and
WHEREAS, Respondent concedes that he is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law as reported by Mr. Finn; and
WHEREAS, following Bar Counsel's investigation of the matter pursuant to the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Procedural Rules"), the parties have come to terms on this Consent Agreement as provided in Rule 5(f)(3) of said Rules.
NOW, THEREFORE, in consideration of the premises and the foregoing recitals, the accuracy of which are hereby confirmed by the parties, it is agreed:
1. Respondent's representation of Badlands as reported by Mr. Finn constituted the Unauthorized Practice of Law pursuant to Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
*785 2. Pursuant to Rule 5(f)(3), Respondent agrees that he will refrain from similar conduct in the future.
3. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil contempt proceedings. However, Bar Counsel expressly reserves the right to pursue all available sanctions in the event Respondent commits conduct in violation with this Consent Agreement or Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
SO STIPULATED: Mark W. Gifford, Bar Counsel Wyoming State Bar David Jackson, Respondent STATE OF WYOMING ) ) ss. COUNTY OF CAMPBELL )
Subscribed and sworn to before me on this20 day of September, 2018, by David Jackson.
Notary Public My Commission Expires: 08/02/2022
*786 EXHIBIT A
From: Mark Gifford Sent: Friday, August 24, 2018 3:42 PM To: Shannon Howshar Subject: FW: Apparent Unauthorized Practice of Law Attachments: Roeber Petition.pdf From: Mick Finn < mick.finn@wyo.gov> Sent: Friday, August 24, 2018 3:19 PM To: Mark Gifford < mgifford@wyobc.org> Subject: Apparent Unauthorized Practice of Law Mark Gifford, Bar Counsel Office of Bar Counsel Wyoming State Bar P.O. Box 109 Cheyenne, WY 82003-0109
Mr. Gifford,
Attached hereto is a pleading that was recently filed in the 6th Judicial District of Campbell County on behalf of a Wyoming corporation named Badland Services, Inc. This pleading is titled "Petition for Writ of Review" when in actuality it is a petition for judicial review. The pleading is signed by a David Jackson, who signed as a "Human Resource Specialist" of the corporation. Mr. Jackson is also listed as the corporation's registered agent on the Wyoming Secretary of State's website. He is not listed as a licensed attorney in Wyoming on the Wyoming Bar's web directory.
This appears to be a case of the unauthorized practice of law, as recognized by the Wyoming Supreme Court in the case ofIn re Walton, WY 2018 68 (Wyo. 2018). Let this office know if you need additional information from us.
Yours truly,
Michael J. Finn Senior Assistant Attorney General Wyoming Attorney General's Office 2320 Capitol Avenue Cheyenne WY 82002 (307) 777-7242
This e-mail transmission and any attachments to it contains information from the office of the Wyoming Attorney General which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or the use of the contents of this information is prohibited. If you have received this e-mail in error, please notify me at (307) 777-7242 or (307) 777-6990, or return this e-mail immediately so that I can arrange for the deletion of the information and destruction of any copies that have been made at no cost to you.
E-Mail to and from me, in connection with the transaction of public business, is subject to the Wyoming Public Records Act and may be disclosed to third parties.
*787 IN THE DISTRICT COURT, SIXTH JUDICIAL DISTRICT FOR CAMPBELL COUNTY, WYOMING
BADLANDS ENERGY SERVICES, INC., DOCKET NO. 37779 Petitioner, vs. STATE OF WYOMING, DEPARTMENT OF WORKFORCE SERVICES, EX REL., THOMAS J. ROEBER Respondent.
PETITION FOR WRIT OF REVIEW
COMES NOW, Employer Badlands Energy Services, Inc., by and through its agent David Jackson,pro se, and pursuant to Rule 12 of the Wyoming Rules of Appellate Procedure (W.R.A.P.). hereby files this Petition for Writ of Review, and states as follows in support hereof:
1. The Campbell County District Court, for the Sixth Judicial District in the State of Wyoming, has jurisdiction and Venue in this matter, as all of the acts and omissions occurred within this Judicial District.
2. The specific issues to be addressed by the District Court are:
(a) On or about January 16, 2018, Thomas J. Roaber (hereinafter referred to as Claimant) filed a Claim for Wages (hereinafter Claim) against Badlands Energy Services, Inc. (hereinafter referred to as Employer) in the amount of $5,025.40.
(b) On or about January 21, 2018, Employer submitted an Employer's Answer to Claim for Wages (hereinafter Answer) denying that any wages were due, as the Claimant was issued a paycheck for all money due and owing to him, less lawful deductions and withholdings.
(c) On or about March 08, 2018, Employer received the Division's Preliminary Finding dated March 06, 2018 that indicated the Employer owes the Claimant $2,725.44.
*788 (d) On or about March 10, 2018, the Employer submitted a request for review of the Preliminary Finding, citing its disagreement with the same.
(e) On or about April 05, 2017, the Employer received the Division's Determination dated April 02, 2017 that affirmed the Preliminary Finding and directed the Employer to pay the Claimant $2,725.44, stating that the Employer did not follow the Wage Offset Rules regarding withholding funds for unauthorized personal purchases and that the Employer did not pay overtime to the Claimant.
(f) Employer maintains that the Division is incorrect and that the Division failed to appropriately apply the law.
(g) The Division has promulgated certain rules and policies that are intended to establish a procedure wherein Employers may withhold wages from employees known as the Wyoming Department of Workforce Services, Labor Standards, Rules of Practice and Procedure for the Filing, Investigation and Resolution of Unpaid Wage Claims under Labor Standards Wage Offset Rules (hereinafter Wage Offset Rules).
(h) Pursuant to Chapter 1, Section 6(b)(xi) of the Wage Offset Rules, the employer is entitled to deduct from an employee's wages any money that is missing that the specific employee had control or custody over during their employment. This would include a company credit card. Claimant admitted to using the company-issued credit card for personal expenditures, specifically for Christmas gifts for his children, to purchase lingerie for his wife, to pay for his cable and internet in his home, etc. Mr. Roeber was not authorized to make these personal charges and when Mr. Roeber was confronted about this by management, Mr. Roeber promised to repay these amounts and failed to do so.
(i) In the instant case, Claimant was issued a credit card; Claimant was told what that card was permitted to be used for, the Claimant blatantly disregarded those rules; and the Claimant is responsible for those charges.
(j) The law permits the Employer to withhold wages for repayment of these unauthorized charges and the Division failed to apply the appropriate law.
(k) The Division cannot expand upon the provisions set forth in the Wage Offset Rules, unless such expansion is established in current valid Wyoming State Statutes. Nowhere in the Wage Offset Rules or in Wyoming Statute is there a provision that the Employer cannot offset such unauthorized charges.
*789 3. The parties in this action, as defined by Wyoming State Statute § 16-3-101(b)(vi), are as follows:
(a) Petitioner is Badlands Energy Services, Inc., whose address is 201 West Lakeway Road, Suite 1003, Gillette, WY 82718;
(b) Thomas M. Kruger, Owner of Badlands Energy Services, Inc., whose address is 201 West Lakeway Road, Suite 1003, Gillette, WY 82718;
(c) Respondent, State of Wyoming, Department of Workforce Services, whose address is 1510 East Pershing Boulevard, Cheyenne, WY 82002;
(d) Respondent, Kelly Roseberry, Deputy Administrator, State of Wyoming, Department of Workforce Services, whose address is 1510 East Pershing Boulevard, Cheyenne, WY 82002; and
(e) Respondent, Thomas J. Roeber, whose address is 1680 Warlow Drive, Gillette, WY 82716
4. A copy of the agency'sOrder is attached hereto as Appendix 1, a copy of the same having been received by the Petitioner on June 08, 2018.
5. There are no other proceedings or actions pending, as related to this matter, to the best of the Petitioner's knowledge, information and belief.
CONCLUSION
For the above and foregoing reasons, and in reliance upon the record, the Employer is entitled to a fair and impartial hearing regarding theDetermination that was issued in the above-entitled matter and requests the same.
DATED this 08 th day of June, 2018.
FOR BADLANDS ENERGY SERVICES, INC. BY: David Jackson, Human Resources Specialist Badlands Energy Services, Inc. 201 West Lakeway Road, Suite 1003 Gillette, WY 82718 (307) 721-8000 Ext 301 (Voice) (307) 682-3980 (Facsimile) djackson@bedlandsenergyservice.com (Email)
*790 BEFORE THE DEPARTMENT OF WORKFORCE SERVICES, LLC LABOR STANDARDS
Thomas Roeber, CLAIMANT, v. Badlands Energy Service, Inc., EMPLOYER.
ORDER
WHEREAS, On April 2, 2018, a Determination was made that the claim for unpaid wages is valid and that Badlands Energy Service, Inc. owes Thomas Roeber the sum of $2,725.44.
A copy of the Determination is hereby attached and incorporated into this Order by reference.
PURSUANT TO WYOMING STATUTE § 27-4-504, IT IS HEREBY ORDERED that Badlands Energy Services, Inc. shall pay Thomas Roeber the sum of $2,725.44. Badlands Energy Service, Inc. is hereby ordered to result payment of $2,725.44, in the name of Thomas Roeber to:
Department of Workforce Services, Labor Standards, 1510 E. Fershing Boulevard, West Wing, Room 150, Cheyenne, Wyoming 82002.
IT IS FURTHER ORDERED that Badlands Energy Service, Inc. remit payment on or before thirty (30) days of receipt or this Order. Failure to comply with this Order may result in a civil fine of up to Two Hundred Dollars ($200.00) per day, pursuant to Wyoming Statute § 27-4-504.
This Order constitutes a final decision of the Labor Standards office is this contested matter. Any party aggrieved or adversely affected by this final agency decision may be entitled to judicial review in an appropriate district court pursuant to Wyoming Statue § 16-3-114 and Rule 12, Wyoming Rules of Appellate Procedure.
ORDERED this 30 day of April, 20 18.
KELLY ROSEBERRY Deputy Administrator